In re MEYER.

Patent Appeals No. 5022.

Court of Customs and Patent Appeals.
June 22, 1945.

Pennie, Davis, Marvin & Edmonds, of New York City (C. M. Fisher, of Washington, D. C., and R. T. McLean, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting claims 2, 3, 5, 6 and 7 of an application for a patent for thyroid preparation and a process of producing it. Claim 1 was held allowable by the board subject to certain amendments being made thereto.

The rejected claims read as follows:.

"2. A thyroid glandular preparation comprising native thyroid glandular substance substantially free from alcohol soluble constituents, possessing substantially the same metabolic effect as the said substance containing the alcohol soluble constituents and having a heart stimulating effect substantially less than said substance.

"3. The process of treating native thyroid glandular substance containing the metabolic hormone and a heart stimulating component which comprises separating the latter from the former by treating said native thyroid glandular substance with a selective solvent for the heart stimulating component and thereby isolating it from the metabolic hormone.

"5. A preparation possessing metabolic activity without undesirable heart stimulating effects comprising the alcohol insoluble fraction of native thyroid glandular substance.

"6. The alcohol insoluble fraction of native thyroid glandular substance substantially free from the heart stimulating alcohol soluble component.

"7. The alcohol insoluble fraction of native thyroid glandular substance."

The Primary Examiner rejected the involved claims for lack of invention over a publication of S. Sayama appearing in "Chemical Abstracts," volume 33 (1939), page 5494. Claim 3 was further rejected by him as too broad as to the "selective solvent for the heart stimulating component." The claims were further rejected as being unduly multiplied. Subsequent to the

examiner's decision appellant filed an affidavit under Rules 75 and 76, 35 U.S.C.A. Appendix, to overcome the Sayama reference, attaching thereto letters from several physicians relating to improved results from the administration of appellant's product over that of conventional thyroid substances. An affidavit as to the commercial success of appellant's preparation was also filed. The Primary Examiner adhered to his rejection.

The board sustained the decision of the examiner, except as to claim 1.

Appellant states in his application that thyroid substances or extracts are administered to improve the rate of metabolism, instancing the condition of hypothyroidism. He also states that thyroid substances commonly used for that purpose are attended with undesirable effects, such as nervousness, sleeplessness and increase in the rate of heart beat. He claims to have discovered that thyroid gland substance contains a metabolic and a heart stimulant component, which are separable by means of a suitable solvent, particularly ethyl alcohol, and that after the separation the residue possesses metabolic activity without having undesirable effects or with such effects reduced below those which characterize the substances used prior to his discovery. The extract produced with the solvent may be used as a heart stimulant.

The Sayama reference relates to the effect of extracts of thyroid epithelium and thyroid colloid substance on blood pressure, pulse rate, and rate of respiration. The more pertinent portion of the reference discloses an alcoholic hydrochloric acid extract of thyroid substance and a saline extract of the residue. It states that upon the injection of rabbits with the alcoholic hydrochloric extract weight is increased while blood pressure, pulse rate and rate of respiration are decreased. Upon injection of the saline extract of the residue the weight decreased while the blood pressure, pulse rate and rate of respiration increased. Neither appellant nor the Patent Office places any significance upon the fact that the residue is reacted with a saline solution to produce the second extract.

It will be noted that the reference clearly fractionates the thyroid substance into two parts, one of which might be termed a stimulant to the heart, while the other may be called a heart depressant. In the use of the former metabolic activity is increased, and in the latter, decreased. There is

nothing in the reference by which the increase of pulse rate and blood pressure may be determined. It may be small or it may be great.

Appellant contends that the tribunals of the Patent Office misunderstood the reference. He argues that thyroid glandular substance extracted by means of alcoholic hydrochloric acid does not produce the same residue as that substance extracted with ethyl alcohol, terming alcoholic hydrochloric acid a powerful reagent and fundamentally different from alcohol. Whether there is such a difference between the two substances we are unable to say for the reason that no factual statement concerning such difference appears in the record. The examiner stated that Sayama has some hydrochloric acid present in the alcohol but that "it does not appear that this is a material distinction." The Solicitor in his brief mentions that Sayama's extracting means is alcohol to which some hydrochloric acid has been added. If the alcoholic hydrochloric acid of Sayama would produce different results from those produced by alcohol alone, a duty surely devolved upon appellant to make such difference known. This has not been done.

Appellant does not contend that his residue is entirely devoid of heart-stimulating or other undesirable effects, but that such effects are substantially reduced below those usually accompanying the use of conventional thyroid substances. Therefore it is reasonable to assume that there is some stimulation to heart action and other undesirable effects, even though they may not be of a serious character.

The affidavits and letters in the record indicate very clearly that the use of the substance defined in the rejected claims produces more favorable results with less undesirable effects than those produced by other thyroid preparations. The record, however, does not negative a like effect by the use of the saline extract of the residue of Sayama. We cannot say that the residue extracts of Sayama and appellant are different. Each produces metabolic activity and increase in pulse rate, although the extent is not set forth in either the application or the reference.

It will be apparent from what has been said that no patentable distinction has been shown in the process of producing the product of the rejected claims and what seems to be a like product of the reference.

Since we are of opinion that the involved claims were properly rejected on the reference, it is unnecessary to discuss the other reasons for rejection.

The decision of the Board of Appeals is affirmed.

Affirmed.